UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADRIAN SWIFT,

    Petitioner,

        v.                        CAUSE NO. 3:22-CV-180-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Adrian Swift, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-10-84) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him attempting to engage in an unauthorized financial transaction in violation of Indiana Department of Correction Offenses 220 and 240. Following a hearing, he was sanctioned with a loss of thirty days earned credit time.

Swift argues that he is entitled to habeas relief because the hearing officer denied his request to present a witness statement. Though Swift does not identify the witness in the petition, he identified Inmate Dailey as the witness on administrative appeal. ECF 7-10. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements

or to compile other documentary evidence." *Id.* Contrary to Swift's assertion, the administrative record includes a written statement from Inmate Dailey and further indicates that the hearing officer considered evidence from Swift's witnesses. ECF 7-7; ECF 7-8 at 5. Moreover, in the written statement, Inmate Dailey merely offered, "We were screened in time." Consequently, even assuming that the hearing officer did not consider the witness statement from Inmate Dailey, it is unclear how this omission would have harmed Swift. Therefore, the claim that the hearing officer did not allow him to present a witness statement is not a basis for habeas relief.

Swift argues that he is entitled to habeas relief because the hearing officer was improperly biased and because he did not receive adequate assistance from a lay advocate. He did not raise these arguments on administrative appeal. ECF 7-10. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Swift did not exhaust his administrative remedies with respect to improper bias or his lay advocate, these claims are not a basis for habeas relief.

If Swift wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Adrian Swift leave to proceed in forma pauperis on appeal.

SO ORDERED on July 15, 2022

s/ Michael G. Gotsch, Sr.<br>Michael G. Gotsch, Sr.<br>United States Magistrate Judge